UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOSHUA LEE RAMOS, | ) | |
| Institutional ID No.164266, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-046-BG |
| LUBBOCK COUNTY SHERIFF'S | ) | ECF |
| DEPARTMENT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.  Procedural History**

Plaintiff Joshua Lee Ramos filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 on March 24, 2010, complaining of events that occurred during his incarceration at the Lubbock County Jail.  On March 29, 2010, the District Court reassigned this case to the undersigned United States Magistrate Judge.  Thereafter, on March 31, 2010, litigation instructions the Clerk mailed to Plaintiff at the Lubbock County Jail, Plaintiff's last known address, were returned to the court with the notation "Release TDC."  On April 2, 2010, orders the District Court entered granting Plaintiff to proceed *in forma pauperis* and transferring his case to the undersigned were returned with the notation "RTDC."

There has been no activity in this case since April 2, 2010.  As of this date, Plaintiff has not informed the court of his new address.

**II.  Recommendation**

District courts have inherent authority under Rule 41(b) to *sua sponte* dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 ; 82 S.Ct. 1386; 8 L.Ed.2d 734

(1962); *Cofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The Magistrate Judge recommends that the District Court dismiss Plaintiff's complaint for want of prosecution. The court further recommends that the District Court dismiss Plaintiff's action without prejudice. *See Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (acknowledging that dismissal with prejudice for want of prosecution is appropriate for cases involving egregious conduct).

### III.   Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:    June 9, 2010.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge

2